■ IRENE A. SHEEHAN, Respondent, v LULL ENG. CO., INC., et al., Respondents, and LULL INDUSTRIES, INC., Appellant. (And a Third-Party Action.) [707 NYS2d 867] —In an action to recover damages for wrongful death, the defendant Lull Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 30, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). The failure to make such a prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (see, Rentz v Modell, 262 AD2d 545; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). The appellant's motion for summary judgment failed to comport with the requirements of CPLR 3212 (b) in that no proof from a person having knowledge of the facts was presented and the appellant's documentary evidence and moving papers were skeletal and conclusory. Therefore, the motion papers were insufficient to establish the appellant's entitlement to summary judgment as a matter of law (see, Winegrad v New York

*Univ. Med. Ctr., supra; Zuckerman v City of New York, supra*).
Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.