■ LAVERNE SCURLOCK et al., Respondents, v ERIC BOSTON et al., Appellants. [776 NYS2d 871]—In an action to recover damages

for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Glover, J.), dated June 2, 2003, which granted the motion of the plaintiff Albert Hicks for summary judgment dismissing their counterclaim asserted against him and, upon searching the record, granted partial summary judgment to the plaintiffs on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the counterclaim is reinstated.

The party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law proffering sufficient evidence demonstrating the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The failure to make such a prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Sheehan v Lull Eng. Co.*, 271 AD2d 678 [2000]; *Rentz v Modell*, 262 AD2d 545 [1999]). Here, the plaintiff Albert Hicks failed to make such a prima facie showing on his motion to dismiss the defendants' counterclaim asserted against him. The deposition testimony of the plaintiffs, submitted in support of Hicks' motion, did not resolve questions of fact. Thus, the Supreme Court improperly granted his motion for summary judgment dismissing the defendants' counterclaim asserted against him, and, upon searching the record, improperly granted partial summary judgment to the plaintiffs on the issue of liability. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.